WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-16-00438-001-TUC-RCC (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| Adam Christopher Sheafe, | |
| Defendant. | |

Pending before the Court are Defendant Adam Christopher Sheafe's pro se Motion for Compassionate Release (Doc. 179) and pro se Motion for a Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 182).

## I.   Factual and Procedural History

A jury convicted Sheafe of conspiracy to commit bank fraud, bank fraud, and aggravated identity theft. (Doc. 136–41.) The Court sentenced Sheafe to a total of 94 months' incarceration. (Doc. 156.) The Ninth Circuit affirmed the conviction and sentence. (Doc. 169.) Later, the Court adjusted Sheafe's sentence to 75 months' incarceration, allowing the Bureau of Prisons ("BOP") to implement the sentence as originally intended. (Doc. 176.) His projected release date is August 23, 2022. (Doc. 182 at 9.)

On June 24, 2021, Sheafe filed his first Motion for Compassionate Release. (Doc. 179.) Sheafe asked this Court to permit him to serve the remainder of his sentence in "either home confinement or at a halfway house." (*Id.* at 2.) In accordance with General Order 20-28, the Federal Public Defender ("FDP") reviewed the request and determined

that there was no basis to appoint counsel because Sheafe had not exhausted his administrative remedies. (Doc. 180 at 2.) It also noted that this Court did not have the ability to order home confinement because this remedy is within the purview of the Director of the BOP. (*Id.*) The government agreed with this analysis. (Doc. 181.)

With the first motion still pending, Sheafe filed his Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) on August 2, 2021. (Doc. 182.) He argues that he warrants a sentence reduction based on "other" extraordinary and compelling circumstances, namely that he has been serving his sentence at U.S.P. Beaumont, a high security facility, because of a miscalculation of his custody classification. (*Id.* at 2–4.) U.S.P. Beaumont presents unique challenges for Sheafe. First, due to frequent lockdowns, Sheafe has not been able to complete certain programing that would qualify him for sentence reductions. (*Id.* at 4–6.) Furthermore, although the Court recommended that Sheafe serve his sentence at a facility in Southern Arizona to be close to his family, the erroneous classification calculation led to his placement at U.S.P. Beaumont in Texas. (*Id.* at 2, 6.) As a result, Sheafe has lost contact with his children. (*Id.* at 6.) He again asks the Court to order home confinement with his mother for the remainder of his sentence. (*Id.* at 7.) Upon reviewing Sheafe's second motion, the FPD concluded that he had exhausted his administrative remedies, but his bases for requesting a sentence reduction were more appropriate for a habeas corpus petition under 28 U.S.C. § 2241 and not a compassionate request motion. (Doc. 183 at 2.)

**II. Standard of Review**

Sheafe requests compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The statute provides that a court may modify a term of imprisonment upon a motion from the defendant when (1) the defendant has exhausted his administrative remedies, (2) "extraordinary and compelling reasons warrant such a reduction," and (3) the relevant 18 U.S.C. § 3553(a) factors support relief. 18 U.S.C. § 3582(c)(1)(A)(i). A court cannot waive the exhaustion requirement. *See, e.g.*, *Shaw v. Bank of America Corp.*, 946 F.3d 533, 541 (9th Cir. 2019); *United States v. Weidenhamer*, No. 2:16-cr-1072-PHX-ROS-1,

2020 WL 1929200, at *2 (D. Ariz. Apr. 21, 2020).

A court does not have the authority to decide the location of imprisonment; rather, this authority rests with the BOP. *See* 18 U.S.C. § 3621(b). This includes placement of a prisoner in home confinement. *See id.* Although the BOP must consider a court's recommendation regarding the appropriate facility, 18 U.S.C. § 3621(b)(4), it is not bound by the court's recommendation. *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011).

Furthermore, a federal prisoner seeking to "challenge the manner, location, or conditions of a sentence's execution" must bring such claims in a habeas corpus petition under 28 U.S.C. § 2241. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000); *see also Tucker v. Carlson*, 925 F.2d 330, 331–32 (9th Cir. 1991) (holding that challenges to "the manner in which [a] sentence was executed" or to "the fact or duration of . . . confinement" are meant for habeas petitions pursuant to Section 2241). A court will sometimes interpret a pro se motion under a different legal label than the pro se litigant has assigned if such interpretation "create[s] a better correspondence between the substance of a *pro se* motion's claims and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381–82 (2003). Nonetheless, only a district court in the judicial district where the prisoner *is confined* may entertain a § 2241 habeas petition challenging "the manner, location, or conditions of a sentence's execution." *See Hernandez*, 204 F.3d at 864.

**III. Discussion**

Sheafe did not present any facts in his first motion to show that he exhausted his administrative remedies prior to seeking relief from the Court. Because the exhaustion requirement is mandatory, the Court will deny Sheafe's first Motion for Compassionate Release. There is no need to do a further examination into whether Sheafe presented extraordinary and compelling circumstances.

As to his second motion, although the Court recommended a facility in Southern Arizona, it cannot require the BOP to adhere to this recommendation. Neither can the Court order home confinement. Accordingly, the Court finds that Sheafe's placement at

U.S.P. Beaumont, however erroneous or challenging that placement has been, is not an extraordinary and compelling circumstance that warrants a sentence reduction.

Moreover, although Sheafe argues for compassionate release in his second motion due to extraordinary and compelling circumstances, Sheafe's claims actually center on the location of his confinement and the manner in which the BOP has carried out his sentence. The crux of his argument is that he was erroneously placed at a high security facility that is far from his family and whose violent nature has resulted in frequent lockdowns affecting his ability to complete certain programs. Thus, the Court agrees with the FPD's conclusion that Sheafe's claims are more appropriately raised in a habeas petition. This Court, however, is the sentencing court and therefore cannot construe Sheafe's motion as a habeas petition because only a court in the district where Sheafe is confined may consider his claims.

### IV.  Conclusion

For the foregoing reasons, **IT IS HEREBY ORDERED** that

(1) Defendant Sheafe's Motion for Compassionate Release (Doc. 179) is **DENIED**.

(2) Defendant Sheafe's Motion for a Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 182) is **DENIED**.

Dated this 23rd day of November, 2021.

Honorable Raner C. Collins
Senior United States District Judge